IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ENROLLIO, LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Case No.: |
| | ) | |
| RED GIANT MEDIA, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

Enrollio, LLC, ("Enrollio" or "Plaintiff") files this Complaint against Red Giant Media, LLC ("RGM" or "Defendant") as follows:

## **Introduction**

1.

Enrollio is forced to file this action because Defendant refuses to discontinue use of clearly infringing trademarks.

2.

Enrollio is the owner of two federal trademark registrations for ENROLLIO for use in connection with software services for business management.

3.

Defendant provides a nearly identical service – although of inferior quality – as Enrollio, and Defendant markets its services under the trademark ENROLLIO.COM.

4.

Clearly, ENROLLIO.COM is confusingly similar to ENROLLIO. Yet, despite Enrollio's federal registrations for ENROLLIO and in disregard of Plaintiff's urgings which began at least as early as September 28, 2023, Defendant has continued to use ENROLLIO.COM to promote their services.

## **Parties**

5.

Enrollio, LLC is a Virginia limited liability company, formed on October 14, 2021.

6.

Defendant Red Giant Media, LLC ("RGM") is a Georgia limited liability company with its principal place of business at 530 Chattahoochee Row NW, Atlanta, Georgia 30318.

7.

Defendant RGM can be served with process through its registered agent, John A. Christy, at 1100 Peachtree St., Suite 800, Atlanta, Georgia 30309.

## **Jurisdiction**

8.

This action arises under the Lanham Trademark Act (15 U.S.C. §§ 1051-1127). This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and

28 U.S.C. § 1338, and under its supplemental jurisdiction of 28 U.S.C. § 1367, the counts of which concern acts of trademark infringement, false designation of origin, and unfair competition under the Lanham Act, and trademark infringement and unfair competition under the laws of the State of Georgia.

9.

The Court has supplemental jurisdiction over Enrollio's state law claims based on 28 U.S.C. § 1367, because the state law claims are so related to the federal subject-matter claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

10.

Defendant is registered in and has its principle place of business in the State of Georgia and are thus subject to the general personal jurisdiction of the courts located in Georgia.

11.

The Court has personal jurisdiction over Defendant because Defendant owns, uses and possesses real property in the State of Georgia and transacts business within the State of Georgia. Further, this court has personal jurisdiction over Defendant because Defendant has deliberately and intentionally marketed and sold or caused to

be marketed and sold the infringing services in the State of Georgia and to Plaintiff's customers therein.

12.

Defendant is cognizant that its wrongful conduct harmed and continues to harm Enrollio in Georgia, along with several other states.

13.

Defendant is also subject to personal jurisdiction in this Court because it committed tortious acts (namely, trademark infringement and unfair competition) in the State of Georgia and has committed a tortious injury in this state and regularly transacts and solicits business in the State of Georgia.

## **Venue**

14.

Venue is proper here because Defendants reside and have its principal place of business in this judicial district. Venue is also proper because a substantial part of Defendant's infringing activities that give rise to this dispute occurred in this judicial district. (28 U.S.C. §§ 1391(a)(2) and 1391(b)(2)).

## **Statement of Facts**

Enrollio and its Federally Registered and Common Law Trademarks

15.

Enrollio started operating in 2021.

16.

The business has grown from a modest business specializing in management software services to a well-known leader in the industry with thousands of customers across the country.

17.

Enrollio has been using its federally registered trademark ENROLLIO since at least as early as May 2022 in connection with management software services.

18.

On September 20, 2023, Enrollio filed an application to register with mark ENROLLIO with the United States Patent and Trademark Office in connection with, *inter alia*, "Downloadable computer application software for mobile phones." The mark was registered with the Trademark Office on September 3, 2024 (the "Class 9 Mark"). A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 1.

19.

Additionally, on September 20, 2023, Enrollio filed an application to register with mark ENROLLIO with the United States Patent and Trademark Office in connection with, *inter alia*, "Design, creation, hosting, maintenance of websites for others, platform as a service (PAAS) featuring computer software platforms for

dance studio marketing, management and operations; Software as a service (SAAS) services featuring software for dance studio marketing, management and operations." The mark was registered with the Trademark Office on September 3, 2024 (the "Class 42 Mark"). A true and correct copy of the Certificate of Registration is attached hereto as Exhibit 2. The Class 9 Mark and Class 42 Mark shall be collectively referred to as the "Registered Marks".

20.

To promote its business, Enrollio has used the Registered Marks in many ways, including on its website at <enrollio.ai>, on social media sites including, Facebook (facebook.com/groups/enrollio) and Instagram (instagram.com/enrolliowins), on virtual app stores where individuals purchase Plaintiff's services, and on other marketing materials.

21.

Enrollio markets its management software services to individuals and businesses that own dance studios to help manage their client relationships.

Defendant and Its Infringement

22.

Defendant began using the name ENROLLIO.COM (the "Infringing Mark") on or around September 2023. Defendant's services include management software services.

23.

Defendant uses the Infringing Mark to promote their software services at least on their website <enrollio.com>.

24.

Plaintiff reached out to Defendant on or about September 28, 2023 to inform RGM that ENROLLIO.COM was a confusingly similar mark, and therefore must stop using the mark (*see*, Exhibit 3).

25.

Upon receipt of this letter, Defendant filed a federal trademark application for ENROLLIO.COM on October 19, 2023 (*see*, Exhibit 4).

26.

As part of the application, Defendant declared "To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

27.

Customers have been confused by Defendant's unauthorized use of the Registered Marks with the mistaken belief that Enrollio is affiliated with Defendant.

28.

On information and belief, Defendant deliberately intended to trade on Enrollio's goodwill and reputation in the industry in which Plaintiff and Defendants both operate.

29.

The infringing services manifestly intend to create an association between the name ENROLLIO and software services related to client management, specifically in relation to dancing/cheerleading.

30.

Defendant has never obtained permission to use or license the Registered Marks, or any other marks or designs confusingly similar thereto, for use on or in connection with any goods or services, including on the infringing services.

31.

Enrollio has corresponded in good faith with Defendant on several occasions to demand that Defendant immediately cease all marketing and sales of the infringing services under the Infringing Mark.

32.

Notwithstanding Defendant's awareness of Enrollio's rights in the Registered Marks and Enrollio's business, Defendant has refused to cease its unlawful actions.

33.

By using the Infringing Mark in connection with their infringing services, Defendant seeks to confuse and deceive the trade and the consuming public as to the source or origin of the infringing services and the genuine Enrollio services.

34.

On information and belief, Defendant intended to free-ride on the goodwill represented by the Registered Mark developed by Enrollio when it adopted the Infringing Mark.

35.

Defendant culpably disregarded the risk of confusion to the public in its adoption of the Infringing Mark.

36.

On information and belief, Defendant therefore knowingly, willfully, intentionally, and maliciously adopted and used the Infringing Mark for marketing and selling the infringing services, knowing that such use would mislead, deceive, and generate confusion among the consuming public.

The Harm to Enrollio as a Result of Defendant's Unlawful Conduct

37.

Both Enrollio and Defendant provide nearly identical services to similar customers.

38.

Upon information and belief, Defendant has intentionally and willfully directed its advertising, promotional and sales efforts at the same customers as Enrollio's, including through the use of the infringing website, in an effort to capitalize on Enrollio's commercial goodwill.

39.

Defendant's infringing services are similar to the services offered under the Registered Marks.

40.

Thus, Defendant's use of the Infringing Mark is likely to cause the consuming public to be deceived and to erroneously assume that the parties respective services are in some way connected with one another.

41.

Given Defendant's cavalier attitude toward intellectual property infringement and Enrollio's manifestly superior rights in the Registered Marks, Defendant puts at risk and damage Enrollio's reputation, goodwill, and ability to market and promote its goods and services.

42.

Defendant's unauthorized use of the identical Infringing Mark has injured Enrollio's interests and will continue to do so unless enjoined. Specifically, Defendant (a) has damaged and continues to damage Enrollio's rights and valuable

goodwill in the Registered Marks; and (b) has injured and continues to injure Enrollio's right to use and license the Registered Marks as the exclusive indicia of origin of Enrollio's goods and services.

43.

All conditions precedent to the filing of this action have occurred or have been waived or excused.

44.

As a result of the wrongful conduct by Defendants alleged herein, Enrollio has been forced to engage its counsel of record to enforce its rights in connection with the trademarks at issue. Its counsel is accordingly entitled to its reasonable attorneys' fees and costs in connection with these legal services.

## COUNTS

### Count I
### Infringement of Federal Registered Mark (15 U.S.C. §1114)

45.

Enrollio repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

46.

The Class 9 Registration and Class 42 Registration for ENROLLIO are valid and subsisting, and are *prima facie* evidence of the validity of the ENROLLIO

marks, of Enrollio's ownership of the ENROLLIO marks, and of Enrollio's exclusive right to use the ENROLLIO marks for the services enumerated in Registered Marks, including but not limited to software services. By virtue of the Registered Marks, the ENROLLIO marks are entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, et seq.

47.

Defendant's use of ENROLLIO.COM, a confusingly similar mark, is certain to continue to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's services are provided by Enrollio, affiliated with Enrollio, are associated with Enrollio or otherwise connected to Enrollio, or have Enrollio's sponsorship, endorsement, or approval for use.

48.

Defendant's actions – most significantly, its refusal to stop use of the Infringing Mark (as described above) – demonstrate that its infringement is intentional, willful, and malicious, and was for the purpose of misleading the consuming public. These willful actions are in violation of the Lanham Act, 15 U.S.C. § 1114(1).

49.

As a result of Defendant's infringement, as described above, the consuming public is certain to continue to be confused and deceived as to the source, sponsorship, affiliation, or approval of Defendants' services marketed under the ENROLLIO.COM name.

50.

Plaintiff has been damaged by the aforementioned acts in an amount to be determined at trial. Defendant's adoption and use of the ENROLLIO.COM name for competing software and client management services is confusingly similar to Enrollio's Registered Marks and was undertaken by Defendant intentionally, willfully, and in bad faith. Therefore, Enrollio is entitled to recover from Defendants treble damages and attorneys' fees.

51.

In addition, Defendant's conduct, if it continues, will result in irreparable harm to Enrollio and, specifically, to the goodwill associated with the Registered Marks, unless such conduct is enjoined.

## COUNT II
## Infringement of Trademark, False Designation of Origin and Unfair Competition under the Lanham Act (15 U.S.C. § 1125)

52.

Enrollio repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

53.

Through Enrollio's long-standing, widespread, continuous, and exclusive use of the Registered Marks in commerce, the Registered Marks have become impressed upon the minds of the relevant trade and consuming public as identifying Enrollio and indicating the source of origin of Enrollio's services as coming from Plaintiff.

54.

Enrollio has built a valuable business in its use of the Registered Marks, and the goodwill associated with Enrollio, and Enrollio alone, is of great value to Plaintiff. The Registered Marks have or have developed secondary meaning in the minds of the consuming public in the field of client management software services, and have come to indicate to the consuming public that the particular services bearing the Registered Marks originate from Plaintiff.

55.

Enrollio has used the ENROLLIO mark continuously in commerce since at least 2022.

56.

Defendant's use of the Infringing Mark results in direct confusion as to the origin of Enrollio's services.

### 57.

Defendant's use of ENROLLIO.COM constitutes false designation of origin and/or a false or misleading description or representation of fact on or in connection with its services which is certain to continue to cause confusion, mistake or deception as to the affiliation, connection, or association of Defendant with Enrollio, and/or as to the origin, sponsorship or approval of Defendant's services, in violation of the Lanham Act, 15 U.S.C. § 1125(a). Defendant's conduct as described herein also constitutes an attempt to trade on the substantial goodwill that Enrollio has developed in the Registered Marks, all to the damage of Plaintiff.

### 58.

Defendant's use in commerce of designations which are confusingly similar to the Registered Marks, despite having actual and constructive notice of Enrollio's prior rights in and to the Registered Marks, constitutes intentional conduct by Defendant to make false designations of origin and false descriptions about its services and commercial activities.

### 59.

Defendant's actions have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage and injury to Enrollio.

## COUNT III
## Common Law Trademark Infringement under Georgia Law

60.

Enrollio repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

61.

Through the long-standing, continuous, and exclusive use of ENROLLIO in commerce, the relevant trade and consuming public have come to understand the ENROLLIO Mark as identifying Plaintiff and indicating the source of origin of the Enrollio's services as coming from Enrollio.

62.

Enrollio has built a valuable business in its use of the ENROLLIO Mark, and the goodwill associated with it is of great value to Plaintiff. The ENROLLIO Mark has come to indicate to the trade and consuming public that the particular services bearing the ENROLLIO mark originate from Plaintiff.

63.

Defendant's unauthorized use of the Infringing Mark is likely to cause, and has caused, confusion in the marketplace between the parties' respective services.

64.

Defendant's infringement of Plaintiff's ENROLLIO mark is in willful and wanton disregard of Enrollio's rights in and to the same, and without the consent of Plaintiff.

## COUNT IV
## Unfair Competition and Deceptive Trade Practices Based on Georgia Law

65.

Enrollio repeats and realleges the allegations in the paragraphs above as if fully set forth herein.

66.

Defendant has engaged and continues to engage in fraudulent and deceptive acts and practices in violation of O.C.G.A. §§ 10-1-370 *et seq*. and 23-2-55.

67.

Defendant has used and is using the Infringing Mark which is confusingly similar to the ENROLLIO mark in connection with similar services for which Enrollio uses its ENROLLIO mark. Therefore, Defendant's uses of the Infringing Mark misrepresent the source, sponsorship, approval, or certification of its services.

68.

Defendant's use of the Infringing Mark has caused consumers to conclude falsely that there exists some affiliation, connection or association between Defendant and Enrollio. The actual and probable tendency and impact of Defendant's uses is to enable Defendant to deceive the public, including citizens of the State of Georgia for whose protection these Code Sections were enacted.

69.

Defendant's wrongful conduct constitutes unfair competition as prohibited by O.C.G.A. § 23-2-55.

70.

Defendant's aforesaid acts constitute unfair competition under the common law of the State of Georgia as follows:

(a) Such acts will enable Defendant to obtain the benefit of and trade on the goodwill of Enrollio;

(b) Such acts will damage Enrollio's goodwill in that Plaintiff does not have control over the businesses and products of Defendant;

(c) Such acts are likely to cause confusion, mistake, or deception of the public; and

(d) Such acts will result in the unjust enrichment of Defendant.

71.

Defendant's infringement of Enrollio's ENROLLIO mark is in willful and wanton disregard of Plaintiff's rights in and to the same, and without the consent of Enrollio.

72.

The aforesaid acts of Defendant are greatly and irreparably damaging to Enrollio and will continue to be greatly and irreparably damaging to Enrollio unless enjoined by this Court, as a result of which Plaintiff is without an adequate remedy at law.

**Jury Demand**

73.

Enrollio demands a trial by jury for all issues so triable.

**Prayer For Relief**

WHEREFORE, Enrollio requests the following relief against Defendant:

A.      That Defendant and its agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with it, or any of their successors or assigns or any of them, be preliminarily and permanently enjoined and restrained from directly or indirectly:

(1)      using the marks "ENROLLIO", "ENROLLIO.COM", or any other reproduction, counterfeit, copy, confusingly similar variant, or colorable

imitation of the Registered Marks, in commerce in any medium;

(2)    advertising, marketing, offering for sale, providing or selling the infringing services;

(3)    using the Infringing Mark, or any reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of the same, in any manner likely to cause others to believe that Defendant's services are connected with Enrollio or are genuine Enrollio-licensed products or services;

(4)    committing any other acts that may cause the consuming public to believe that Defendant's services are genuinely licensed by Enrollio or otherwise provided for the benefit of Enrollio;

(5)    engaging in unfair and deceptive trade practices against Enrollio;

(6)    shipping, delivering, holding for sale, importing, distributing, returning, transferring, or otherwise moving or disposing of any materials falsely bearing the infringing mark, or any other reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of the Registered Marks; and

(7)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (1) through (5).

B.    That Defendant and any and all persons controlled by or acting in concert with it be required to deliver to Enrollio for destruction all goods, packages,

and any other written or printed materials, in tangible or intangible form, that bear or depict the infringing mark, or any other reproduction, counterfeit, copy, confusingly similar variant or colorable imitation of the Registered Marks.

C.    That Defendant and any and all persons controlled by or acting in concert with it be required to surrender to Enrollio the infringing website <enrollio.com> and all means to access, control, modify, and/or delete the infringing website.

D.    That Defendant be required to account for and pay Enrollio Defendant's profits from sales of the infringing services and any other product or service incorporating, copying, or imitating the Registered Marks or any other brand element of Enrollio, or sold under the Infringing Mark, and such sum in addition thereto as the Court shall find just.

E.    That this case be found exceptional and Enrollio be awarded its attorneys' fees pursuant to 15 U.S.C. § 1117(a) and/or other applicable law.

F.    That Enrollio recover the damages arising out of Defendant's wrongful acts in a sum equal to three times the actual damages suffered by Enrollio, as provided in 15 U.S.C. § 1117(b) and/or other applicable law.

G.    That Defendant be required to disgorge its profits and other ill-gotten gains pursuant to 15 U.S.C. § 1117(a) and other applicable law.

H.    That Enrollio have and recover the taxable costs of this civil action,

including reasonable attorneys' fees, costs, and interest.

I.      That Enrollio be awarded punitive or exemplary damages in view of Defendant's reckless, willful, wanton acts committed with conscious disregard for the rights of Enrollio.

J.      That Enrollio have such other general and further relief as this Court deems just and proper.

Respectfully submitted, February 28, 2025.

> */s/Melanie K. Lane*
> Zachary C. Eyster
> GA Bar No.: 192335
> Kennington R. Groff
> GA Bar No.: 782901
> Melanie K. Lane
> GA Bar No.: 831941
>
> BEKIARES ELIEZER, LLP
> 2870 Peachtree Rd. #512
> Atlanta GA 30305
> Telephone: 404.537.3686
> zeyster@founderslegal.com
> kgroff@founderslegal.com
> mlane@legalfounders.com